## GUNN, ADMINISTRATOR OF SHELDON, *v.* POLLOCK.

Where the plaintiff leased a tract of land claimed by him under a Mexican grant, to defendant, upon condition that he was not to pay any rent for two years, and if the title was confirmed within that time, defendant was to give up his improvements; but if not confirmed in two years, defendant was to remain on until confirmation, with the privilege of buying in case of sale, and if not confirmed, defendant was to hold it as public land; and the defendant at the end of two years took up the tract as public land; *Held*, in an action for the possession and damages, that defendant's improvements, erected before or after he thus terminated his tenancy, were only a substitute for the first two years' rent, and that he was chargeable for rent thereafter accruing.. Any improvements erected by defendant after the termination of his tenancy were at his own risk, and he is not entitled to their value as an offset.

APPEAL from the District Court of the Sixth Judicial District.

This was an action to recover possession of a tract of land in Sacramento County, and damages for the detention thereof. The only questions raised are as to plaintiffs' right to recover damages, and defendants' right to offset the value of his improvements. The facts relating to these points are fully stated in the opinion of the Court.

The verdict of the jury was for plaintiff for restitution of the premises, and for $1,200 damages. Defendants' motion for a new trial was overruled, and judgment entered in accordance with the verdict. Defendant appealed.

*Crocker & Robinson* for Appellant.

*Robinson & Beatty* for Respondent.

The opinion of the Court was delivered by Mr. Chief Justice MURRAY. Mr. Justice TERRY concurred.

By an agreement between the parties, the defendants entered into the

possession of a tract of land claimed by the plaintiff under a Mexican grant, upon the conditions that he was not to pay any rent for two years, and if the title was confirmed in that time, he was to give up his improvements; but if not confirmed in two years, the defendant was to remain on until it was confirmed, with the privilege of buying it in case of sale. It was further agreed, that if the title was not confirmed, the defendant was to hold it as public land.

In August, 1853, some two years after his entry, the defendant filed his notice, claiming title to the land in dispute, under the Possessory Act of this State, thereby terminating his tenancy, disclaiming his landlord's title, and setting up ownership in himself.

On the trial the defendants offered to prove the value of the improvements, both before and after November, 1853, which evidence was excluded, and the Court instructed the jury that if they found for the plaintiff, they should, in estimating the damages, allow the rent of the premises from November 1st, 1853.

We are satisfied that both rulings are correct. The improvements of the first two years were substituted as payment for rent, provided the title was confirmed in that time. At the expiration of that period, the defendant abandoned the contract, and terminated the tenancy. Any improvements made afterward were at his own risk, and having terminated the agreement, he was chargeable for rent thereafter accruing.

Judgment affirmed.